Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-215-ELG |
| | ) | (Chapter 13) |
| Jill Harper | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| HSBC Bank USA, National | ) | |
| Association as Trustee for Ellington Loan | ) | |
| Acquisition Trust 2007-1, Mortgage Pass- | ) | |
| Through Certificates, Series 2007-1 | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Jill Harper, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

Comes now Jill Harper ("Ms. Harper" or the "Debtor"), by and through undersigned counsel, and in opposition to the Motion for Relief from Automatic Stay and the Co-Debtor Automatic Stay Pursuant to 11 U.S.C. § 1301(c)(3) (the "Motion," as found at DE #31) filed by HSBC Bank USA, National Association as Trustee for Ellington Loan Acquisition Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 ("HSBC" or the "Movant") states as follows:

1

I. **Introduction**

The Motion merits denial for three separate reasons: (i) the Movant does not establish cause under Section 362(d)(1) of Title 11 of the United States Code; (ii) the Movant does not establish cause under Section 362(d)(2) of Title 11 of the United States Code; and (iii) the alleged post-petition payment deficiencies have, since the filing of the Motion, been nearly (albeit not yet entirely) cured *en toto*.

II. **Argument: The Motion Should be Denied**

While the Motion never specifies the provision of Title 11 of the United States Code (the "Bankruptcy Code") under which relief is being sought, logic dictates the Movant is looking to either Section 362(d)(1) or Section 362(d)(2) thereof. Yet HSBC never establishes an entitlement to relief under either of these provisions, coming well shy of setting forth cause for relief from the automatic stay and, to the contrary, alleging facts that well support a finding of the Movant being more-than-adequately protected in the status quo posture.

Familiarly, these two provisions of the Bankruptcy Code allow for the automatic stay to be terminated, annulled, modified or conditioned:

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization. . .

11 U.S.C. § 362(d).

Facially, relief under the second criterion is almost *per se* impossible insofar as such would require a showing of both a lack of equity *and* an absence of necessity for an effective reorganization. This is a chapter 13 proceeding and the at-issue debt is secured by Ms. Harper's residence. As noted by one sister court, "[n]othing could be more related to an effective

2

reorganization than the ability to keep and pay for [a debtor's] house." *In re Parks*, 193 B.R. 361, 366 (Bankr. N.D. Ala. 1995). *See also* In re Smith, 245 B.R. 622, 624 (Bankr. W.D. Mo. 2000) (holding similarly).

Moreover, even if Ms. Harper's home somehow were not necessary to her reorganization, the Motion itself acknowledges there to be ample equity in the property. Specifically, HSBC recognizes the asset to have a value of $798,010.00, Motion, DE #31, at ¶ 10, while only purporting to be owed $355,060.67, *id.* at ¶ 7.

That equity cushion—of some $442,949.33—is ultimately dispositive of any effort to seek relief under Section 362(d)(1) as well. Quite plainly, HSBC is more than adequately protected, with a current loan-to-value ratio of approximately 44.4%.

Finally, though, it also bears note that Ms. Harper has now made a payment of $6,800.00 against the alleged post-petition deficiency of $8,264.45. Without affirmatively committing to such, the Debtor reasonably anticipates the whole of the putative deficiency will be caught up before a final hearing on the Motion may be convened. And, thusly, even if HSBC somehow did establish cause under Section 362(d)(1) or Section 362(d)(2), such is likely to be extinguished before the Motion can be finally adjudicated.

### III.  Formalistic Recitations

The Local Rules of this Honorable Court require a brief in opposition to a request for stay relief to admit or deny the allegations thereof, Local Rule 4001-1(f), despite a motion not being a pleading within the definitional ambit of Federal Rule of Civil Procedure 7. Accordingly, Ms. Harper notes as follows:

1. The allegations of paragraph 1 of the Motion are admitted.

2. The allegations of paragraph 2 of the Motion are admitted.

3. The allegations of paragraph 3 of the Motion are admitted.

4. The allegations of paragraph 4 of the Motion are admitted.

5. Ms. Harper is without information sufficient to admit or deny the allegations of paragraph 5 of the Motion but has no affirmative reason to disbelieve the same. Still, in an abundance of caution, and in accord with traditional pleading rigors, she asks her lack of knowledge be construed as a denial.

6. The allegations of paragraph 6 of the Motion are admitted.

7. Ms. Harper is without information sufficient to admit or deny the allegations of paragraph 7 of the Motion but has no affirmative reason to disbelieve the same. Still, in an abundance of caution, and in accord with traditional pleading rigors, she asks her lack of knowledge be construed as a denial.

8. Ms. Harper is without information sufficient to admit or deny the allegations of paragraph 8 of the Motion but has no affirmative reason to disbelieve the same. Still, in an abundance of caution, and in accord with traditional pleading rigors, she asks her lack of knowledge be construed as a denial.

9. Ms. Harper is without information sufficient to admit or deny the allegations of paragraph 9 of the Motion but has no affirmative reason to disbelieve the same. Still, in an abundance of caution, and in accord with traditional pleading rigors, she asks her lack of knowledge be construed as a denial.

10. The allegations of paragraph 10 of the Motion are admitted.

11. Ms. Harper is without information sufficient to admit or deny the allegations of paragraph 5 of the Motion and therefore denies the same. Specifically, the existence, *vel non*, of a

default is a question of law and Ms. Harper does not hold herself out as being imbued with legal training or licensure.

12. The allegations of paragraph 12 of the Motion are denied. In further answer, Ms. Harper notes these allegations border on being *reductio ad absurdum*.

13. The allegations of paragraph 13 of the Motion are denied.

14. Paragraph 14 of the Motion does not call for an admission or denial but, to the extent so necessary, Ms. Harper incorporates, by reference, her answer to each and every preceding paragraph.

15. The allegations of paragraph 15 of the Complaint are denied.

16. The allegations of paragraph 16 of the Complaint are denied.

IV. **Conclusion**

WHEREFORE, Ms. Harper respectfully prays this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 14, 2025     By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

*[Certificate of Service on Following Page]*

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of July, 2025, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig