Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-215-ELG |
| | ) | (Chapter 13) |
| Jill Harper | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OPPOSITION TO MOTION TO DISMISS**

Comes now Jill Harper ("Ms. Harper" or the "Debtor"), by and through undersigned counsel, in opposition to the motion to dismiss (the "Motion"), ECF No. 39, filed by the chapter 13 trustee (the "Trustee"), and in support thereof states as follows:

## I. Introduction

This is a relatively standard chapter 13 case in which the Debtor filed a petition for relief in August 2023, DE #1, and thereafter confirmed a plan—without much incident or issue—in November of the following year, DE #29. The Trustee now seeks dismissal of this case on the theory the Debtor has materially defaulted by being delinquent in the making of plan payments. This purported default can be addressed through compliance and subsequent plan modification or utilization of the abatement process. This should not, however, give rise to a material default. And the Motion is accordingly meritorious of denial at this juncture.

Significant monies have been paid over throughout the pendency of this case and the

Debtor has comported herself with perennial good faith. Equity well dictates that, to the extent a monetary default now needs to be cured, such does not rise to the requisite level of materiality to warrant dismissal.

## II. Standard

The Trustee seeks relief under section 1307(c) of title 11 of the United States Code. Motion, DE #39, at p. 1. That provision allows for dismissal or conversion of a chapter 13 case upon "material default by the debtor with respect to a term of a confirmed plan." 11 U.S.C. § 1307(c)(6).

In assessing a motion such as this, "[i]t is the burden of the moving party to present evidence of the amount of the default so that the court may evaluate it under this provision." 8 Collier on Bankruptcy P 1307.04 (citing *In re Midkiff*, 85 B.R. 467 (Bankr. S.D. Ohio 1988)).

In evaluating an alleged default, a court—even upon finding a material default to have actually occurred—is not required to dismiss or convert a case but, rather, may elect to do "neither," insofar as "[i]t is then left to the bankruptcy court's discretion as to whether there is cause for conversion or dismissal as a result of the material default." *In re Lee*, 2022 Bankr. LEXIS 2455, at *9 (Bankr. E.D. Mich. Sep. 6, 2022).

## III. Argument: Dismissal is Not Instantly Appropriate

The Motion is premised upon missed plan payments aggregating $7,414.79, Motion, DE #39, at p. 1, against the contextual backdrop of a plan that requires post-confirmation monthly payments of $1,389.73, Amended Plan, DE #25, at § 2.1(B), and that has been in effect since August 2023 (with lower payments—of $540.78 per month—governing the first 14 months). This means that of the $38,128.92 in payments that have thus far come due, the Debtor is passively acknowledged to have properly tendered more than 80% of her monetary obligations. The remaining shortcoming, while no doubt cause to either modify the plan or seek an abatement of

payment obligations thereunder, is not cause sufficient for dismissal of this case.

As observed by a sister court, ". . . § 1307(a) does not mandate that the bankruptcy court dismiss debtors' Petition based on missed payments." *Clements v. Early (In re Church)*, 438 B.R. 334, 347 (N.D. Ala. 2010). Indeed, as noted by the *Lee* Court, even a finding of a *material* default would only leave to a court's equitable discretion whether any adverse ramification is appropriate. *In re Lee*, 2022 Bankr. LEXIS 2455, at *9.

Materiality is a crucial part of the breach analysis. Indeed, "[f]ailure to make a plan payment, by itself, would not normally be a material default; if it were, the word 'material' would be surplusage." 8 Collier on Bankruptcy P 1307.04. And where courts have found missed payments to constitute material defaults, such has often (albeit not always) come in the prism of defaults far more egregious than that alleged *sub judice*. *See, e.g.*, *In re Daggs*, 2014 Bankr. LEXIS 2509, at *6 (Bankr. D. Colo. Jan. 6, 2014) ("Her failure constitutes a default, and the Court finds that the default is material, both in amount, $11,768.36, and in time, with over nine months of missed payments."); *In re Tashjian*, 72 B.R. 968, 972 (Bankr. E.D. Pa. 1987) (describing a prior ruling—involving dismissal of a case over two consecutive missed plan payments—as "extremely harsh" and being "one that we would be unlikely to follow even on its own facts").

Here, there appear to have been certain tumultuous occurrences in the Debtor's life, including the Debtor tragically becoming widowed during the pendency of this case. The Motion calls attention to a need to revisit plan obligations in this case and for counsel to continue to work with the Debtor on assessing various legal rights and options.

Still, the Debtor respectfully submits the alleged monetary breach is, in its current form, insufficiently material to give rise to the harshness of dismissal. And the Debtor, equally, believes she will be able to more fully set forth certain compelling circumstances at a hearing upon the

Motion, should one come to pass. But the Debtor, regardless, remains resolved to pursue the chapter 13 process through discharge, and respectfully submits that the modesty of the breaches alleged by the Trustee, coupled with the Debtor's exemplary conduct since entering bankruptcy, militate against dismissal.

**IV. Conclusion**

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: August 14, 2026 By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of August, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig